IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 08-cv-01565-PAB-BNB

SOLA SALON STUDIOS, LLC,
a Colorado limited liability corporation,

     Plaintiff and Counterclaim-Defendant,

v.

CECELIA HELLER, as successor trustee for the David H. Simon 1971 Trust,
CECELIA HELLER, as successor trustee for the Peter N. Simon 1971 Trust, and
CECELIA HELLER, as successor trustee for the Michael B. Simon 1971 Trust,

     Defendants and Counterclaimants.

---

**ORDER**

---

This matter is before the Court on the Motion for Attorneys' Fees [Docket No. 123] filed by plaintiff Sola Salon Studios, LLC ("Sola"). In its motion, Sola seeks an award of attorneys' fees as the prevailing party pursuant to the terms of a lease for commercial real estate located at 265-299 Detroit Ave., Denver, Colorado. The motion is fully briefed and ripe for resolution.

**I.  BACKGROUND**

On June 25, 2008, Sola commenced this action in the District Court for the City and County of Denver, Colorado. *See* Docket No. 1-2. On July 24, 2008, defendant and counterclaimant Cecelia Heller, as successor trustee for the David H. Simon 1971 Trust, the Peter N. Simon 1971 Trust, and the Michael B. Simon 1971 Trust (collectively, the "Trustee") removed the case to this Court [Docket No. 1]. On February 27, 2009, the Trustee moved for summary judgment on her counterclaims [Docket No.

31], which the Court denied [Docket No. 85]. The trial in this case took place from July 26, 2010 through August 2, 2010. The jury found in favor of Sola on its first, second, and third breach of contract claims. *See* Docket No. 102-1. Moreover, the jury found against the Trustee on her breach of contract counterclaim. *See id.*

On February 28, 2011, the Court issued an Order to Enter Judgment [Docket No. 121] and awarded Sola $68,665.00 in damages. On March 7, 2011, Final Judgment [Docket No. 122] entered and, pursuant to a stipulation on the Bill of Costs [Docket No. 130], the Court taxed costs against the Trustee in the amount of $10,661.35 [Docket No. 131]. Sola now seeks an award of attorneys' fees in the amount of $367,910.96 pursuant to contractual provisions in the lease.

> The lease contains an attorneys' fees provision which states, in pertinent part:
>
> All costs incurred by [the Trustee] in connection with collecting any Rent or other amounts and damages owing by [Sola] pursuant to the provisions of this Lease, or to enforce any provision of this Lease, shall also be recoverable by [the Trustee] from [Sola]. Further, if an action is brought pursuant to the terms and provisions of the Lease, the prevailing party in such action shall be entitled to recover from the other party any and all reasonable attorneys' fees incurred by such prevailing party in connection with such action.

Pl.'s Trial Ex. 9 at 11, ¶ 19(C). Sola claims that it is entitled to attorneys' fees as the prevailing party. Sola asserts that it is entitled to all of its attorneys' fees because, although some of its claims sought equitable relief, the lease's use of the terms "prevailing party" and "action" do not differentiate between legal and equitable claims. Docket No. 142 at 5.

The Trustee opposes Sola's motion, arguing that the attorneys' fees provision in the contract is not reciprocal, but rather for the sole benefit of the Trustee. Docket No.

139 at 3. The Trustee also contends that Sola should not receive an award of attorneys' fees for litigating equitable claims because those are not claims "pursuant to the Lease or dependent on the Lease." *Id*. at 7. Furthermore, the Trustee claims that, if the Court were to award attorneys' fees, these fees should be awarded solely for those claims attributable to Sola's defense of the Trustee's counterclaims. *Id*. Finally, the Trustee argues that Sola's fee request is unreasonable in light of its failure to adhere to paragraph 5(d) of the lease and irregularities with Sola's proposed time entries. *Id*. at 10-11.

## II. ANALYSIS

### A. Lease Provisions[1]

Under Colorado law, "[i]nterpretation of a written contract is a question of law for the court." *In re Marriage of Thomason,* 802 P.2d 1189, 1190 (Colo. App. 1990) (citing *Pepcol Manufacturing Co. v. Denver Union Corp.*, 687 P.2d 1310 (Colo. 1984)). The primary goal of contract construction is to determine and effectuate the intent and reasonable expectations of the parties. *Copper Mountain Inc. v. Industrial Sys., Inc.,* 208 P.3d 692, 697 (Colo. 2009). Contract language must be examined and construed consistently with the plain and generally accepted meaning of the words employed. *Id*; *see Pepcol Mfg. Co.,* 687 P.2d at 1313-14 ("In the absence of contrary manifestation of intent in the contract itself, contractual terms that have a generally prevailing meaning will be interpreted according to that meaning."). "The court should interpret a contract in its entirety with the end in view of seeking to harmonize and to give effect to all

---

[1] Both parties agree that the lease should be construed in accordance with the laws of the State of Colorado.

provisions so that none will be rendered meaningless." *Copper Mountain, Inc.*, 208 P.3d at 697 (internal quotation marks omitted). Lastly, "[i]t is axiomatic that in the absence of an ambiguity a written contract cannot be varied by extrinsic evidence." *Pepcol Mfg. Co.*, 687 P.2d at 1314.

The issue of whether a contract is ambiguous is decided as a question of law. *East Ridge of Fort Collins, LLC v. Larimer & Weld Irrigation Co.*, 109 P.3d 969, 974 (Colo. 2005). "A contract is ambiguous when it is reasonably susceptible to more than one meaning." *Public Serv. Co. of Colo. v. Meadow Island Ditch Co. No. 2*, 132 P.3d 333, 339 (Colo. 2006). Much like standard contract interpretation, "[i]n determining whether a provision in a contract is ambiguous, the instrument's language must be examined and construed in harmony with the plain and generally accepted meanings of the words used, and reference must be made to all the agreement's provisions." *Lake Durango Water Co., Inc. v. Public Utilities Comm'n*, 67 P.3d 12, 20 (Colo. 2003). "A mere disagreement between the parties as to the interpretation of an agreement does not in itself create an ambiguity as a matter of law." *City of Aurora v. ACJ P'ship*, 209 P.3d 1076, 1085 (Colo. 2009). Because "courts no longer apply a rigid 'four corners' rule . . . extrinsic evidence may be conditionally admitted to determine whether the contract is ambiguous." *East Ridge of Fort Collins*, 109 P.3d at 974 (citation omitted). Finally, "[w]hen an ambiguity has been determined to exist, the meaning of its terms is generally an issue of fact to be determined in the same manner as other factual issues." *Id*.

The Trustee argues that the language of paragraph 19(C) of the lease only requires that Sola provide for the Trustee's attorneys' fees should any claims arise pursuant to the lease. Docket No. 139 at 3. In support of this argument, the Trustee states that, because paragraph 19(B) is entitled "Remedies of [the Trustee]," Pl.'s Ex. 9 at 10, it indicates that all clauses in paragraph 19 benefit the Trustee only. Additionally, the Trustee claims that, because paragraph 19(C) contains clauses specifically designating the Trustee as the sole beneficiary, this is conclusive proof that the attorneys' fees provision in paragraph 19(C) was intended for the benefit of the Trustee. *See, e.g.,* Pl.'s Trial Ex. 9 at 11, ¶ 19(C) ("All costs incurred by [the Trustee] . . . shall also be recoverable by [the Trustee] from [Sola]); *see id*. ("The exercise or beginning of the exercise by [the Trustee] . . . shall not preclude the simultaneous or later exercise by [the Trustee]"); ("Suit or suits for the recovery of rents . . . may be brought by [the Trustee], from time to time, at [the Trustee's] election"). The Court finds these arguments unconvincing.

First, paragraph 31(E) of the lease states that "[t]he captions of each paragraph are added as a matter of convenience only and shall be considered of no effect in the construction of any provision or provisions of this Lease." Pl.'s Trial Ex. 9 at 14, ¶ 31(E). Therefore, the heading of paragraph 19(B) is irrelevant. Second, given that several sections of paragraph 19(C) clearly demarcate when a clause inures to the benefit of the Trustee, the use of the term "prevailing party" in the attorneys' fees provision demonstrates that attorneys' fees were not intended for the sole benefit of the Trustee. If paragraph 19(C) intended to create a unilateral attorneys' fees provision, it would have specifically identified the Trustee as the sole beneficiary as it did in the rest

5

of the lease.  *See, e.g.,* Pl.'s Trial Ex. 9 at 6, ¶ 12 ("[the Trustee] may . . . pay [for lien or claim] and any costs associated therewith, and the amount so paid, together with reasonable attorneys' fees . . . shall be immediately due from [Sola] to [the Trustee] as Additional Rent."); *see id.* ¶ 13(A) ("[Sola] further agrees to indemnify [the Trustee] . . . [s]uch indemnities shall include . . . all costs, reasonable attorneys' fees, expenses and liabilities incurred in or about any such claim, action or proceeding."); *id*. at 7, ¶ 13(D) ("[Sola] shall be responsible for all costs and expenses, including but not limited to reasonable attorneys' fees incurred defending [or prosecuting negligent acts by Sola or its agents]."). The omission of the term "Landlord" and the introduction of the new term "prevailing party" is evidence of an intent to provide attorneys' fees for the party that successfully litigates the action.  *See Pepcol Mfg. Co.,* 687 P.2d at 1313-14 ("In the absence of contrary manifestation of intent in the contract itself, contractual terms that have a generally prevailing meaning will be interpreted according to that meaning."). The interpretation proposed by the Trustee is unreasonable because construing "prevailing party" to mean the "the Landlord" would not give effect to all provisions in the lease and would read the term "prevailing party" completely out of the lease–which is inconsistent with the tenets of contract formation.  *See Copper Mountain, Inc.*, 208 P.3d at 697 (courts should "give effect to all provisions so that none will be rendered meaningless.").

Additionally, the Court finds that the attorneys' fees provision located in paragraph 19(C) is not limited to claims brought by the Trustee.  The use of the broad term "action," rather than the narrow word "claims," denotes an intent to encompass all

claims arising from the terms of the lease, whether equitable or legal. *See, e.g.,* Colo. Rev. Stat. § 4-1-201(b)(1) (Colorado's Uniform Commercial Code defines an "action" as a judicial proceeding, including recoupment, counterclaim, suit in equity and any other proceeding in which rights are determined). Moreover, because the lease does not use the words "claim," "action," and "proceeding" interchangeably, it is reasonable to conclude that the parties understood that each term stood for a different proposition. *See, e.g.,* Pl.'s Trial Ex. 9 at 6, ¶ 13(A) ("liabilities incurred in or about any such claim, action or proceeding"); *see id*. at 7, ¶ 13(D) ("[i]n . . . any claim, demand, action or proceeding"). Accordingly, the Court finds that paragraph 19(C) entitles the prevailing party to attorneys' fees.

With regard to the Trustee's argument that Sola failed to adhere to the terms of paragraph 5(d), the Court has already found that such an argument was "specious." Docket No. 119 at 9. Therefore, the Court will not revisit its prior ruling that paragraph 5(d) pertains only to disputes regarding the calculation of charges, and not disputes about the terms of the lease itself. *Id*. at 8.

### B.  Prevailing Party

A prevailing party is one who prevails on a significant issue in the litigation and derives some of the benefits sought in the litigation. *Archer v. Farmer Bros. Co.*, 90 P.3d 228, 231 (Colo. 2004). Generally, "where a claim exists for a violation of a contractual obligation, the party in whose favor the decision or verdict on liability is rendered is the prevailing party for purposes of awarding attorney fees." *Dennis I. Spencer Contractor, Inc. v. City of Aurora,* 884 P.2d 326, 327 (Colo. 1994). A court

should examine the overall context of the case and consider where in the case the parties spent the majority of their time and resources. *Id*. However, "[w]hen a case involves many claims, some of which are successful and some of which are not, it is left to the sole discretion of the trial court to determine which party, if any, is the prevailing party." *Archer*, 90 P.3d at 231; *see also Wheeler v. T.L. Roofing, Inc.*, 74 P.3d 499, 504 (Colo. App. 2003) (holding that a trial court is in the best position to determine which party ultimately prevailed for purposes of awarding attorneys' fees).

Here, the litigation focused on the interpretation of the lease terms. At the conclusion of the trial, the jury found for Sola on three of its breach of contract claims and found against defendant on her counterclaim for breach of contract. *See* Docket No. 102-1. Thus, because Sola succeeded at trial and secured a judgment and a declaratory ruling that the Trustee breached the terms of the lease, Sola is the prevailing party in the dispute. *See Anderson v. Pursell*, 244 P.3d 1188, 1194 (Colo. 2010) ("[t]he issue on which the party prevails need not be the central issue in the litigation, only a significant one."). As the prevailing party, Sola is thus entitled to all reasonable attorneys' fees.

### C.  Attorneys' Fees

To determine the reasonableness of a fee request, a court must begin by calculating the "lodestar amount." *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998). The lodestar amount is the "number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). A "reasonable rate" is defined as the prevailing market rate in the

relevant community for an attorney of similar experience. *Guides, Ltd. v. Yarmouth Group Prop. Mgmt., Inc.*, 295 F.3d 1065, 1078 (10th Cir. 2002). A party seeking an award of attorney fees must establish the reasonableness of each dollar and each hour for which the party seeks an award. *Jane L. v. Bangerter*, 61 F.3d 1505, 1510 (10th Cir. 1995).

Here, the Trustee does not object to the hourly rates of the persons who billed time to the Sola account. Docket No. 139 at 11. The Trustee does, however, object to some of the time entries provided by Sola. *Id*. The Trustee argues that many of Sola's suggested attorneys' fees are duplicative and unreasonable and requests that Sola's fee demand be reduced by $30,521.50. *Id*. at 12. Specifically, the Trustee contends that a total of 130.1 hours should be deducted from Sola's request for attorneys' fees including 67.4 hours from attorney John W. Madden, 34.4 hours from legal assistant Brandy M. Brachle, 25.9 hours from legal assistant Dianne L. Johnson, and 2.4 hours from attorney Tammi Sapp. Docket No. 139 at 12.[2]

After reviewing the challenged time entries, the Court finds that the time entries are not duplicative. However, the Court finds that the entries of Ms. Brachle for February 11, 2009, April 16, 2009, May 13, 2009, and June 17, 2010 are unreasonable in the amount of time taken to perform the described tasks and will reduce them by a

---

[2]The Trustee does not challenge Sola's entitlement to computer legal research fees, which may be included in attorneys' fees if charged separately to the client. *Cross v. Qwest Disability Plan*, No. 08-cv-00516-PAB-KMT, 2010 WL 5476790, at *5 (D. Colo. Dec. 30, 2010) (citing *Sorbo v. United Parcel Serv.*, 432 F.3d 1169, 1180 n. 10 (10th Cir. 2005)).

cumulative amount of 0.85 hours, which, at her hourly rate of $105 per hour, amounts to a reduction of just $89.25.

## III.   CONCLUSION

Accordingly, it is

**ORDERED** that Plaintiff Sola Salon's Motion/Application for Attorneys' Fees and Costs [Docket No. 123] is **GRANTED** in part.  Defendant Cecilia Heller shall pay the sum of $367,821.71 to plaintiff Sola Salon Studios, LLC in attorneys' fees.

DATED March 19, 2012.

BY THE COURT:

 s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge